764 P.2d 129

**Donald Allen YOUNG III, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17113.**

Court of Appeals of Idaho.

Nov. 2, 1988.

Petition for Review Denied Dec. 30, 1988.

Donald Allen Young III, pro se.

Jim Jones, Atty. Gen. by Peter C. Erbland and David R. Minert, Deputy Attys. Gen., Boise, for respondent.

PER CURIAM.

This is an appeal from an order denying Donald Young's application for post-conviction relief. The application alleges ineffective assistance of counsel and alleged misconduct by officers of the state. We affirm the order denying the application.

Young was convicted by a jury of first degree murder and of possessing a firearm during the commission of a crime. On direct appeal he challenged his murder conviction, but we upheld the judgment. *State v. Young,* 106 Idaho 142, 676 P.2d 56 (Ct. App.1984). Young also filed a motion to reduce a sentence of fixed life imprisonment imposed for the murder. His motion was denied. The order denying the motion was not appealed. Young later filed an application for post-conviction relief under the Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901 to –4911. Following an evidentiary hearing, the district court denied the application. This appeal followed.

Although Young's brief contains numerous assertions of unfair treatment, we deem the case to comprise two principal issues: whether he lacked effective assistance .of counsel at the original trial, and whether the prosecutor or other state officers engaged in prejudicial misconduct. We will discuss these issues in turn.

I

Young argues that his trial counsel represented him ineffectively on an issue of intoxication, as it related to specific intent on the charge of first degree murder. To prevail on a claim of ineffective

assistance, the claimant must show that his attorney's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1986). To establish such a deficiency, the claimant has the burden of showing that his attorney's performance fell below the wide range of reasonable professional assistance. *Id.* To establish prejudice, the claimant must show a reasonable probability that but for his attorney's deficient performance the trial's outcome would have been different. *Id.* Both the deficiency and prejudice components of the ineffectiveness standard are mixed questions of law and fact. *Strickland v. Washington,* 466 U.S. at 698, 104 S.Ct. at 2070. On appeal, when faced with mixed questions of law and fact, this Court defers to facts found upon substantial evidence, but we freely review the application of law to those facts. *E.g., LaGrand Steel Products Co. v. A.S.C. Constructors, Inc.,* 108 Idaho 817, 702 P.2d 855 (Ct.App.1985).

■ On the question of deficiency, Young contends that his attorney, an experienced criminal defense lawyer, failed to consult with certain drug and alcohol abuse experts regarding an intoxication defense. Young also claims that his attorney failed to seek out and interview a potential witness who allegedly saw him use amphetamines on the day of the murder. However, the latter claim was disputed by the attorney, who testified at the post-conviction hearing that he recalled no conversation about such a witness. Moreover, the record discloses that after his arrest, Young underwent psychiatric and psychological testing by several doctors. Young's attorney was fully aware of the test results. Several examiners found that Young's behavior on the day in question might have been caused by his alcohol and drug use. But one examiner, a psychiatrist with extensive experience as an expert witness, concluded that Young was attempting to use his alcohol and drug use as an excuse for criminal behavior. If called by Young, or in rebuttal by the state, the psychiatrist apparently was prepared to testify that Young had "the capacity to form the intent to commit first degree murder." The attorney consulted with Young and they decided not to present expert testimony carrying a risk of such a damaging rebuttal. The district judge in the post-conviction proceeding found this to be a permissible strategic decision. We agree.

■ A similar decision apparently was made with respect to potential testimony by Young's wife. Although she could have testified that Young had been drinking, she was not called as a witness because she might have been asked other questions by the prosecutor about incriminating conversations with her husband.

Despite these strategic decisions, some evidence of intoxication did reach the jury. A police officer testified that Young had a "moderate" odor of alcohol when arrested. The defense also placed in evidence a "Mobat" blood-alcohol kit with a test result of .08%. In sum, we uphold the post-conviction judge's determination that the intoxication issue was handled by defense counsel at trial in a reasonable fashion. Because the performance was not deficient, the prejudice issue need not be addressed.

## II

■ Young next contends that officers of the state engaged in misconduct, prejudicing him at trial and at the hearing on his motion to reduce the fixed life sentence. With respect to the trial, Young has alleged that the prosecutor and an investigator in the prosecutor's office manufactured evidence, "brainwashed" witnesses and concealed exculpatory evidence. Whether the prosecutor or his investigator actually did any of these things was an issue of fact. Young had the burden of proving by a preponderance of the evidence that his allegations were true. The district court determined that Young had failed to prove any of his allegations. This Court will not disturb such a determination unless it is clearly erroneous. I.R.C.P. 52(a); *Viehweg v. Thompson,* 103 Idaho 265, 272–73, 647 P.2d 311, 318–19 (Ct.App.1982).

After reading the record, we cannot say the district court's finding was clearly erroneous. The evidence Young produced in support of his allegations was expert testimony that *if* he had consumed the amount of alcohol which he claimed, then his blood-alcohol level would have been much higher than the .08% result yielded by the Mobat. Young urged the court to infer that someone had tampered with the Mobat test. However, the predicate issue was whether Young was truthful about his drinking. The credibility of a witness who testifies in open court is for the trier of fact to determine. *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). The fact-finding court may choose to ignore testimony it finds not to be credible. That, implicitly, is what the judge did here.

With respect to the sentence reduction hearing, Young claims that the prosecutor and authorities at the Idaho State Correctional Institution coerced or intimidated witnesses. The question of whether coercion or intimidation actually occurred is factual. Again, Young had the burden of proving by a preponderance of the evidence that his allegations were true. And again, the judge, after a full post-conviction hearing, determined that Young had failed to meet his burden.

The judge's determination does not appear to be clearly erroneous. The evidence produced in the post-conviction proceeding indicated that several witnesses who planned to testify on Young's behalf at his sentence reduction hearing were interviewed by the prosecutor and prison authorities. Such interviews would not be improper *per se*. The evidence also indicates that one witness has been reprimanded for certain actions in relation to Young's case. However, the record before us does not include a transcript of the sentence reduction hearing. Consequently, we have no way of knowing what was said by the reprimanded individual or by any other witness. Neither can we compare such testimony with the testimony Young expected. Consequently, Young has not furnished a record upon which to evaluate prejudice, even if misconduct occurred as alleged. Moreover, the post-conviction judge, who was also the trial judge and the sentence reduction hearing judge, set forth in his memorandum decision several factors, independent of the allegedly tainted testimony, for his refusal to reduce the sentences. Accordingly, we uphold his denial of post-conviction relief on this issue.

We have considered other issues raised by Young, finding them either to be without merit or to be raised improperly for the first time in the instant appeal. The order of the district court, denying Young's application for post-conviction relief, is affirmed.