STATE OF HAWAII, Plaintiff-Appellee, *v.* LONNELL REGINALD WIDEMAN, Defendant-Appellant

NO. 11369

(CRIMINAL NO. 85-1261)

JULY 17, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Defendant-appellant Lonnell Reginald Wideman appeals from his convictions for attempted murder, kidnapping and burglary in the first degree. We reverse.

Just prior to jury deliberation, the trial court, instead of discharging the alternate jurors, informed the prosecuting attorney and defense counsel that it would have the two alternates remain available throughout the deliberation subject to recall in the event something happened to any of the twelve regular jurors. Both the

prosecuting attorney and defense counsel had no objections to that arrangement.

The jury began deliberating on February 6, 1986. On February 11, 1986, the court informed the prosecuting attorney and defense counsel that one of the regular jurors was unable to continue deliberations because of illness and that an alternate would be recalled to replace her. Defense counsel objected at that time to the proposed substitution. He argued that if the ill juror must be released, she should return when she's able to do so. The court overruled defense counsel's objection. Jury deliberations continued with the substituted juror until February 13, 1986 when the jury returned guilty verdicts. At times both before and after the substitution, the jury had indicated to the court that it was unable to reach a unanimous verdict. Each time the jury was instructed to continue its deliberations.

Rule 24(c) of the Hawaii Rules of Penal Procedure (HRPP) states:

> The court may direct that not more than 4 jurors in addition to the regular jury be called and impaneled to sit as alternate jurors who shall, in the order in which they are called, replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. An alternate juror who does not replace a regular juror shall be discharged when the jury retires to consider its verdict.

It is clear that HRPP Rule 24(c) was violated by the substitution of the juror *after* the jury had retired to consider its verdict.

When an alternate juror is called to replace a juror after the jury had been deliberating, the alternate juror is subject to potential undue pressure from the original jury members to reach a conclusion they may have agreed upon during their prior deliberations. *See U.S. v. Lamb*, 529 F.2d 1153, 1156 (9th Cir. 1975). Because the trial judge did not instruct the new jury to begin its deliberations anew, the probability of undue pressure was further enhanced. *Cf. id.*

The State contends that if there was a violation of HRPP Rule 24(c), the violation was harmless error. We disagree.

In view of the conflicting testimony between Wideman and the victim, the jury being deadlocked during much of its deliberations, and the lack of an instruction to the new jury to begin its deliberations anew, we cannot say the HRPP Rule 24(c) violation was harmless beyond a reasonable doubt. *State v. Domingo, 69 Haw.* ___, 733 P.2d 690 (1987).

We need not reach the other issues raised by defendant.

The convictions of the defendant are vacated and the case remanded for a new trial.

*Richard T. Pafundi* for defendant-appellant.

*Ellen B. Politano,* Deputy Prosecuting Attorney, for plaintiff-appellee.