*976
 
 OPINION
 

 Per Curiam:
 

 A jury convicted respondent of one count of lewdness with a minor. Thereafter, the district court granted respondent a new trial. The State of Nevada (the “State”) appealed, arguing that the district court abused its discretion in granting a new trial. We agree and reverse.
 

 THE FACTS
 

 In 1982, the State of Georgia convicted respondent of molesting a seven-year-old girl by fondling the child through her clothing. In April 1992, the State of Nevada charged respondent with two counts of lewdness upon a minor under the age of fourteen. In count I the State alleged that respondent fondled the legs, thighs and vaginal area (through the clothing) of his apartment complex neighbor, a seven-year-old female. Count II involved a similar act of lewdness with another neighborhood seven-year-old female.
 

 Prior to trial the district court granted a motion in limine ordering the State not to refer to respondent’s pre-trial incarceration. Nevertheless on the second day of trial, May 19, 1992, during the cross-examination of two defense witnesses, the State made two passing references to respondent’s in-custody status.
 
 [1]
 
 
 *977
 
 While the defense did not object to the first reference, the second reference drew an objection and a motion for a mistrial.
 

 Initially, the district court denied the mistrial motion, finding that the prosecutor’s reference was inadvertent and that the evidence against respondent was overwhelming. Ultimately, the jury acquitted respondent of count I and convicted him of count II. Nonetheless, nearly a month after trial, the court reconsidered its ruling on the mistrial motion, transmuted it into a new trial motion and granted respondent a new trial. This appeal ensued.
 

 DISCUSSION
 

 Generally the district court enjoys discretion in granting or denying motions for new trials; this court will not set aside a district court new trial ruling absent an abuse of discretion. McCabe v. State, 98 Nev. 604, 655 P.2d 536 (1982).
 

 With respect to trial errors such as a prosecutor uttering improper references to the defendant’s in-custody status, this court examines such harms under a harmless error standard. Haywood v. State, 107 Nev. 285, 288, 809 P.2d 1272, 1273 (1988). Specifically in
 
 Haywood,
 
 this court held that “this type of error is not always prejudicial rather than harmless. When evidence of guilt is overwhelming, even a constitutional error can be comparatively insignificant.”
 
 Id.
 
 (Citations omitted.)
 

 The State argues that the district court abused its discretion in granting a new trial. First, the State contends that both counsel and the court characterized the prosecutor’s mention of respondent’s in-custody status as inadvertent and unintentional. Second, the State asserts that it presented overwhelming and uncon-troverted evidence of respondent’s guilt. We agree.
 

 Preliminarily, however, we hold that in light of the motion in limine, the prosecutor’s references to respondent’s in-custody status, albeit inadvertent, were wholly inappropriate. Additionally, we understand that district courts hesitate to grant new trials in criminal matters and do so cautiously, only when it is absolutely necessary. Thus, it is with some reluctance that we find that the district court abused its discretion in granting a new trial. Nonetheless, after carefully scrutinizing the record, we conclude
 
 *978
 
 that the trial judge abused his discretion in granting respondent a new trial. The evidence regarding count II viewed with the other evidence presented at trial, was overwhelming. Indeed, in regards to count I, the defense presented evidence to contradict and impeach the alleged victim, while with respect to count II, respondent did not present any witnesses or evidence to discredit the alleged victim or her testimony. In fact, a review of the count II victim’s testimony reveals that the child did not waiver from her allegations during direct or cross-examination.
 

 Other evidence also casts a doubtful hue on respondent’s protestation of innocence. Respondent spent several years in a Georgia prison after he admitted to molesting a seven-year-old girl in 1982. Moreover, during an interview with the police, respondent admitted that he still watches nine-and ten-year-old girls because he finds them sexually attractive. In addition, a former co-worker of respondent’s testified that one time while riding in a truck with respondent:
 

 When [respondent and co-worker drove] about halfway into downtown Carson City, [respondent] said, “Hey, look at the chicks.” And when I glanced over, [the girls] didn’t appear to be any more than twelve or thirteen years old. And I said that to him and said that was jail bait or something. And when I looked back over he was sitting on the edge of his seat watching them in the [rear view] mirror. And he said[,] “ [I] f they are old enough to bleed they are old enough for me.”
 

 Finally, it is telling that at the afternoon hearing on the day the jury returned its verdict, May 22, with the trial’s events presumably fresh in his mind, the judge stated unequivocally that he felt the State presented overwhelming evidence regarding count II and the prosecutor’s reference to respondent’s in-custody status amounted to harmless error. Nonetheless, on June 19, nearly a month after trial, the judge inexplicably changed his mind. The June 19 hearing transcript evidences that the judge did not discuss his rationale for ordering a new trial. Thus, given the totality of overwhelming evidence against respondent and the judge’s original view of the case, we conclude that the district court abused its discretion in granting respondent a new trial.
 

 We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. Accordingly, we reverse the district court’s order for a new trial and hereby remand this matter to the district court for sentencing.
 

 [1]
 

 Both the district court and defense counsel agreed that the prosecutor’s references to respondent’s in-custody status were inadvertent. Specifically, the prosecutor asked the first witness: “Now you talked to [respondent] while he was in jail at that point, right, on the phone?” Thereafter, during cross-
 
 *977
 
 examination of the next witness, the State’s attorney inquired: “Did you get a chance to talk to [respondent] when [respondent] was in jail, on the phone?” These witnesses testified only in regards to count I.