MICHAEL ANTHONY CARROLL, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 25286

March 30, 1995                                        892 P.2d 586

*Michael R. Specchio,* Public Defender, and *John Reese Petty,* Chief Appellate Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City;

*Richard A. Gammick,* District Attorney, and *Charles B. Woodman,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Michael Anthony Carroll ("Carroll") of one count of lewdness with a minor. Carroll appealed, arguing that the district court abused its discretion when seating an alternate juror. We agree and reverse and remand.

### FACTS

In 1992, the State of Nevada charged Carroll with two counts of lewdness upon a minor under the age of fourteen. In count I the State alleged that Carroll fondled the legs, thighs and vaginal area (through the clothing) of his apartment complex neighbor, a seven-year-old female. Count II involved a similar act of lewdness with another neighborhood seven-year-old female.

During jury deliberations, it was discovered that the daughter of juror James Brewer ("Brewer") had been accused of child molestation. Consequently, the district court excused Brewer for cause and replaced him with the alternate juror.

Ultimately, the jury acquitted Carroll of count I and convicted him of count II. After an order granting a new trial was reversed by this court, *see* State v. Carroll, 109 Nev. 975, 860 P.2d 179 (1993), Carroll was sentenced to ten years in the Nevada State Prison.

Carroll now appeals his conviction, raising several assignments of error; however, only the fact that the district court failed to strictly comply with NRS 175.061(3) constitutes reversible error.

### DISCUSSION

When seating an alternate juror, the district court must comply with NRS 175.061(3), which states:

> If an alternate juror is required to replace a regular juror after the jury has retired to consider its verdict, the judge shall recall the jury, seat the alternate and resubmit the case to the jury.

Nevada is not unique in requiring jury deliberations to begin anew when an alternate juror is substituted after the jury has retired. *See* People v. Collins, 552 P.2d 742 (Cal.), *cert. denied,* 429 U.S. 1077 (1976); State v. Haislip, 701 P.2d 909 (Kan.), *cert. denied,* 474 U.S. 1022 (1985); State v. Corsaro, 526 A.2d 1046 (N.J. 1976).

The reasoning behind a rule requiring that jury deliberations begin anew is that

> [w]hen an alternate juror is called to replace a juror after the jury had been deliberating, the alternate juror is subject to potential undue pressure from the original jury members to reach a conclusion they may have agreed upon during their prior deliberations. *See* U.S. v. Lamb, 529 F.2d 1153, 1156 (9th Cir. 1975).

State v. Wideman, 739 P.2d 931, 932 (Haw. 1987).

In the case at bar, in deciding what to do in replacing Brewer, the following conversation took place:

> The Court: My inclination at this point is to put Mr. Singer [the alternate juror] in, remove Mr. Brewer, and let them go forward, and see if they can reach a verdict. If they cannot, then we obviously have a hung jury. I'm not going to let them spend an inordinate amount of time.
>
> Mr. Whomes [attorney for the State]: Seems to me that if Mr. Singer is put in there, he can be brought up to speed fairly quickly.
>
> The Court: I think so. . . . So that's what I think is the proper thing to do.

The court then called in the alternate juror and stated, "You will be on the jury from this point forward. You will go in this morning with then [sic], and they will bring you up to speed as quickly as they can, I'm sure, and hopefully the jury will reach a verdict." Accordingly, we conclude that the district court simply instructed the alternate juror to catch up instead of acting pursuant to NRS 175.061(3) and recalling the jury and resubmitting the case.

Although this court has already established that the evidence against Carroll was overwhelming, *see Carroll,* 109 Nev. at 978, 860 P.2d at 180, we cannot conclude that the error of the district court was harmless. Jury deliberations had been proceeding for two days before the substitution of the alternate juror. However, after the substitution of the alternate juror, it took only a couple of hours before the final verdict was rendered. This fact may indicate that the alternate juror was unduly influenced by the rest of the jury.

We have carefully considered all Carroll's other arguments and conclude that they are without merit. Accordingly, we reverse Carroll's conviction and remand this case for a new trial.[1]

---

[1]Although we feel compelled by NRS 175.061(3) to reverse and remand this case for a new trial, we regret that the child involved in count II will have to undergo the hardship of being a witness at another trial.