56 P.3d 1281

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Jason GOMEZ, Defendant–Appellant.**

**No. 27263.**

Court of Appeals of Idaho.

Oct. 10, 2002.

**32**

Molly J. Huskey, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant. Richard J. Hansen argued.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

PERRY, Chief Judge.

Jason Gomez appeals from his judgments of conviction for conspiracy to commit trafficking in methamphetamine, eluding a peace officer, and two counts of aggravated assault on a law enforcement officer. We vacate Gomez's judgments of conviction.

## I.

### FACTS AND PROCEDURE

Gomez was charged with conspiracy to commit trafficking in methamphetamine by manufacturing, I.C. § 37–2732B(a)(3); eluding a peace officer, I.C. § 49–1404(2); and two counts of aggravated assault on a law enforcement officer, I.C. §§ 18–901 and –905. Gomez pled not guilty and the case proceeded to trial.

At the close of the evidence, the jury retired to deliberate. After deliberating for approximately three hours, the jury sent a note to the district court stating that one of the jurors had investigated the scene of the alleged assaults and, as a result, that juror's decision had been "colored." With the consent of the parties, that juror was excused and replaced with an alternate juror. The district court instructed the jury to disregard any statements made by the excused juror during deliberations and recommence deliberations with the alternate juror. Gomez did not object to the district court's instruction or request that a different instruction be given. The jury resumed deliberations and, less than ten minutes later, returned guilty verdicts on all charges.

Gomez filed a motion for a new trial, asserting that it was impossible for the reconstituted jury to have begun deliberations anew and reached a verdict on all charges in the amount of time that elapsed between substitution of the alternate juror and the jury reaching its verdicts. Gomez's motion was denied after a hearing. For conspiracy to commit trafficking in methamphetamine by manufacturing, Gomez was sentenced to a unified term of eight years, with a minimum period of confinement of five years. For each of the remaining charges, Gomez was sentenced to a concurrent unified term of

five years, with a minimum period of confinement of three years. Gomez appeals, asserting that the district court erred by failing to instruct the jury that it must set aside its past deliberations and begin deliberations anew after the replacement of the empaneled juror by the alternate juror in the midst of deliberations.

## II.

## STANDARD OF REVIEW

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). The failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990); *State v. Rivas,* 129 Idaho 20, 23, 921 P.2d 197, 200 (Ct.App.1996).

## III.

## ANALYSIS

After excusing the empaneled juror and replacing that juror with an alternate, the district court instructed the jury as follows:

> I instruct the jury to disregard and set aside any statements made by [the excused juror]. We'd ask you to recommence your deliberations with [the alternate juror], and the twelve of you work together as a jury to resolve this matter.
>
> I remind you, your decision in this matter is to be based upon the evidence you received here in the courtroom, and not from any other source.
>
> If you'd go ahead and retire and recommence your deliberations.

Gomez did not object to that instruction below but claims on appeal that the instruction was erroneous because it did not require the jury to begin deliberating anew after substitution of the alternate juror, thereby compro-

mising his right to a verdict based upon the full participation of all twelve jurors who ultimately returned guilty verdicts against him. The state contends that the instruction was not erroneous because it was the functional equivalent to an instruction requiring the reconstituted jury to begin deliberating anew. The state further argues that, even if the instruction was erroneous, the error was harmless.

Pursuant to I.C.R. 24(d)(2) [1], if a deliberating juror is removed, the trial court shall order the juror discharged and draw the name of an alternate juror who shall then take the discharged juror's place in the deliberations. In addition, the trial court shall instruct the panel to set aside and disregard all past deliberations and begin anew with the new juror as a member of the panel. In accordance with Rule 24(d)(2), Idaho Criminal Jury Instruction (ICJI) 231 provides:

> One of your number has been excused and replaced with an alternate juror.
>
> The state and the defendant each have a right to a verdict reached only after full participation of the [twelve] [six] jurors who ultimately return the verdict.
>
> This right may be assured in this case only if the jury begins its deliberations again from the beginning.
>
> You are therefore instructed to set aside and disregard all past deliberations and begin deliberating anew. This means that each remaining original juror must set aside and disregard the earlier deliberations as if they had not taken place.
>
> You shall now retire for your deliberations in accordance with all the instructions previously given.

Even in those jurisdictions lacking a statute or rule expressly requiring an instruction such as ICJI 231, the courts have typically imposed such a requirement. *See People v. Collins,* 17 Cal.3d 687, 131 Cal.Rptr. 782, 552 P.2d 742, 746–47 (1976). Such a requirement insures that each of the jurors reaching the verdict has fully participated in the deliberations, just as each had observed and heard all proceedings in the case. *Id.* An instruction

1. For ease of reference, we refer to the current version of I.C.R. 24, as amended effective July 1, 2002. The pertinent language of the rule in

effect at the time of Gomez's trial was substantially the same but found under a different subsection. *See* I.C.R. 24(c)(3) (2000).

to begin deliberations anew is necessary because, if deliberations have begun, some issues may have already been decided as a practical matter. *State v. Guytan,* 192 Ariz. 514, 968 P.2d 587, 594 (Ct.App.1998). In that situation, there is an inherent risk that the resulting verdict as to those issues will reflect only the views of the original jurors, thereby depriving the defendant of his right to unanimity from the requisite number of jurors. *Id. See also United States v. Lamb,* 529 F.2d 1153, 1156 (9th Cir.1975).

Here, the district court instructed the jury that it must disregard any statements made by the discharged juror but it did not instruct the jury to set aside and disregard its past deliberations. The district court encouraged the jury to work together to resolve the matter but did not inform the jury that it was necessary for each individual juror to fully participate in the process. Additionally, the district court advised the jury that it was to recommence its deliberations, which may have given the jury the impression that it was only required to continue deliberations where it had left off, rather than starting over. Therefore, the district court's failure to instruct the jury in accordance with I.C.R. 24(d)(2) and ICJI 231 was error.

 Error is not reversible unless it is prejudicial. *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we next examine whether the error complained of in the present case was harmless. *See State v. Poland,* 116 Idaho 34, 37, 773 P.2d 651, 654 (Ct.App.1989). The standard for determining whether error is harmless is whether it appears from the record that the error contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same result had the error not occurred. *State v. Young,* 106 Idaho 142, 144, 676 P.2d 56, 58 (Ct.App.1984).

In *Guytan,* the original jury had been deliberating for only thirty minutes after they received the case for consideration when the court recessed until the following day. The next morning, one of the empaneled jurors failed to appear and an alternate juror was substituted. The trial court instructed the jurors that each of them was to actively participate and return a verdict that represented individual thinking expressed collectively. The trial court further advised the jurors to give the matter their full attention but did not expressly instruct the jury to begin its deliberations anew. The reconstituted jury deliberated for approximately five hours before reaching its verdict.

On appeal, the appellate court held that the error in failing to expressly instruct the jury to begin deliberations anew was harmless. Of significance to the appellate court was that the original jury had engaged in minimal deliberations before substitution of the alternate juror. In addition, the defendant failed to object to the lack of an express instruction to begin deliberations anew. Also, the instructions given by the trial court—that each of the jurors actively participate in deliberations and give the matter the benefit of his or her individual thinking—ameliorated any risk of confusion concerning the jurors' duty during deliberations. Finally, the appellate court concluded that the amount of time the reconstituted jury spent deliberating was a factor mitigating the trial court's failure to instruct the jury to begin deliberations anew.

Other courts have also held that the failure to expressly instruct the jury that it was required to begin deliberations anew after the substitution of an alternate juror was harmless error. *See Claudio v. Snyder,* 68 F.3d 1573, 1577 (3d Cir.1995) (trial court's instruction to alternate juror that she must familiarize herself with the deliberations concluded thus far, and take whatever time was necessary to familiarize herself with the evidence and thinking of the other jurors, was the functional equivalent of an instruction to the jury to begin deliberations anew); *State v. Stafford,* 255 Kan. 807, 878 P.2d 820, 833 (1994) (although the trial court instructed the jury to resume its deliberations rather than begin anew, the error was harmless because the jury was instructed that the alternate juror was to fully participate in discussions and vote on the verdict).

An opposite result was reached in *Carroll v. State*, 111 Nev. 371, 892 P.2d 586 (1995). There, the jury had been deliberating for approximately two days before the substitution of an alternate juror. The trial court instructed the alternate juror that he was to go in with the jury and the other jurors would bring him up to speed but failed to admonish the reconstituted jury to disregard its past deliberations and begin deliberating anew. The reconstituted jury reached a verdict approximately two hours later. Despite the overwhelming evidence against the defendant, the appellate court refused to determine that the error in failing to instruct the reconstituted jury to begin deliberations anew was harmless. The court held that the short amount of time it took the reconstituted jury to reach a verdict may have indicated that the alternate juror was unduly influenced by the rest of the jury.

Upon review, we conclude that the present case is distinguishable from those cases which have held the error in failing to instruct the jury to begin deliberations anew was harmless. The district court's instructions to the jury were not the functional equivalent of an instruction to disregard its past deliberations and begin deliberations anew with the full participation of the alternate juror. The district court only instructed the jury to set aside any statements made by the excused juror, rather than instructing the jury to set aside and disregard its past deliberations. The district court also did not instruct the jury that the alternate juror was to fully and actively participate in the deliberations.

In addition, the original jury in the present case had deliberated for approximately three hours before the empaneled juror was excused and the alternate juror substituted. Less than ten minutes after the substitution, the jury returned guilty verdicts on all charges. Similar to the situation in *Carroll*, we are not persuaded that the jury could have begun deliberations anew, with the full participation of *each* juror, and reached a verdict in that amount of time. Although there was substantial evidence of Gomez's guilt presented at trial, we are not convinced beyond a reasonable doubt that the jury would have reached the same result had it been properly instructed by the district court. Thus, the district court's error in failing to instruct the jury to set aside and disregard its past deliberations and begin deliberating anew was not harmless. This Court again emphasizes the admonition given by the Idaho Supreme Court that trial courts should give jury instructions that have previously been approved by the Supreme Court or face considerable risk that the verdict rendered will be overturned on appeal. *See State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998).

## IV.

## CONCLUSION

The district court violated I.C.R. 24(d)(2) by failing to instruct the jury to set aside and disregard its past deliberations and begin deliberating anew after the substitution of the alternate juror. The district court's instruction to the jury was not the functional equivalent of such an instruction. Although there was substantial evidence of Gomez's guilt presented at trial, under the circumstances presented in this case we are not convinced beyond a reasonable doubt that the jury would have reached the same result had it been properly instructed by the district court. Thus, we conclude that the district court's error was not harmless. Accordingly, Gomez's judgments of conviction are vacated.

Judge GUTIERREZ and Judge Pro Tem BURDICK concur.