An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY LEE MONROE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65591

FILED

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery by a prisoner. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

First, appellant Anthony Lee Monroe contends that the district court erred by rejecting his guilty plea. Because Monroe did not object at the time, we review his contention for plain error. *See Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 397 (2013). During the plea canvass, Monroe stated that his plea was not voluntary. The district court responded that it would not accept an involuntary plea, but Monroe explained that he wanted to plead guilty because he believed doing so was in his best interest. The district court then asked Monroe if he had been given sufficient time to consult with his attorney about his decision. Monroe initially stated that he had not but then explained that they had fully discussed the matter. Next, the district court asked Monroe if he was guilty of the crime. Monroe stated that he was guilty but had acted in self-defense. The district court rejected Monroe's plea. Under the circumstances, we conclude that Monroe fails to demonstrate plain error. *See Sandy v. Fifth Judicial Dist. Court*, 113 Nev. 435, 439, 935 P.2d 1148,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01695

1150 (1997) ("A district judge may, in his or her discretion, refuse to accept guilty pleas."); *Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996) (explaining that this court gives deference to a district court's "face-to-face" interactions with a defendant during a plea canvass).

Second, Monroe contends that the district court erred by denying his motion for a new trial. *See* NRS 176.515. We review a district court's decision whether to grant a new trial for an abuse of discretion. *State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993). After Monroe was convicted, he claimed that he received a letter from the victim recanting his trial testimony and moved for a new trial based upon the recantation. The district court conducted an evidentiary hearing, wherein the victim recanted his recantation, explaining that he drafted the false letter with Monroe's help to "cover his own back." The district court concluded that the victim's trial testimony was truthful and denied Monroe's motion for a new trial. *See Callier v. Warden*, 111 Nev. 976, 990, 901 P.2d 619, 627-28 (1995) (explaining the factors relevant to a motion for a new trial based upon a recantation). We conclude that the district court did not abuse its discretion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                Cherry

cc:    Hon. Brent T. Adams, District Judge
       David Kalo Neidert
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk