**131 Nev., Advance Opinion 6**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGELIO MARTINORELLAN A/K/A
ROGELIO MARTINEZ-ORELLANO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58904

**FILED**

FEB 2 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

En banc reconsideration of a panel order affirming a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon, attempted robbery with the use of a deadly weapon, and battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

~~Judgment~~ affirmed.

Philip J. Kohn, Public Defender, and Sharon G. Dickinson, Deputy Public Defender, Clark County,
for Appellant.

Adam Paul Laxalt
~~Catherine Cortez Masto~~, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and ~~Steven S. Owens,~~ Deputy District Attorney, Clark County,
for Respondent.
Jonathan E. VanBoskerck
Chief

BEFORE THE COURT EN BANC.

3/12/15: Corrected per letter to publishers. CJ

15-06128

*OPINION*

By the Court, DOUGLAS, J.:

In the present case, we consider the effect of the district court's failure to instruct the jury to restart deliberations as is required by NRS 175.061(4) after an alternate juror replaced a regular juror. NRS 175.061(4) provides that "[i]f an alternate juror is required to replace a regular juror after the jury has retired to consider its verdict, the judge shall recall the jury, seat the alternate and resubmit the case to the jury." Thus, if a district court fails to instruct the jury to restart deliberations, it commits an error that, in appropriate circumstances, can require reversal despite overwhelming evidence of guilt. *Carroll v. State*, 111 Nev. 371, 372-74, 892 P.2d 586, 587-88 (1995).

Appellant Rogelio Martinorellan[1] did not object to the district court's failure to instruct the reconstituted jury to restart deliberations. At issue here is (1) whether the district court's failure was an error of constitutional dimension, (2) which standard of review applies to an unpreserved constitutional error, (3) and whether the district court committed a reversible error in this case. We hold that although the district court's error was of constitutional dimension, it is subject to plain error review because Martinorellan did not preserve this issue. Therefore,

---

[1]The judgment of conviction shows the defendant's name as Rogelio Martinorellan. However, throughout the trial and on appeal, Rogelio is referred to as Rogelio Martinez-Orellano. We follow the name that appears on the judgment of conviction.

we affirm the conviction because Martinorellan did not demonstrate that the district court's failure to instruct the reconstituted jury to restart deliberations rose to the level of plain error.

## FACTUAL AND PROCEDURAL HISTORY

Martinorellan entered a smoke shop and stabbed the store's owner while attempting to commit a robbery. At trial, the jury deliberated for approximately 1 hour and 15 minutes before the district court convened a hearing, dismissed a juror who stated that he knew the victim, and replaced that juror with an alternate juror. The district court did not recall the jury to the courtroom or instruct it to restart deliberations. Martinorellan did not object to the district court's decision not to recall the jury and instruct it to restart deliberations.[2] The reconstituted jury deliberated for nearly 4 hours and 30 minutes over two days and viewed a playback of testimony before convicting Martinorellan of burglary while in possession of a deadly weapon, attempted robbery with the use of a deadly weapon, and battery with the use of a deadly weapon.

After Martinorellan appealed, a panel of this court affirmed his conviction, holding in a footnote that Martinorellan's assignment of error regarding the district court's failure to instruct the jury to restart deliberations was without merit. The panel denied Martinorellan's

---

[2]Martinorellan argues that the remaining original jurors deliberated after the juror who knew the victim was removed and before the alternate juror joined the jury. However, the record does not demonstrate that the jury deliberated during the period of time between the removal of the juror who knew the victim and the seating of the alternate juror. Therefore, this argument is without merit.

petition for rehearing, and he filed a petition for en banc reconsideration. This court granted the petition for en banc reconsideration to address the district court's failure to instruct the jury to restart deliberations when the alternate juror replaced the original juror.

## DISCUSSION

We first consider the nature of the error of failing to instruct a jury to restart deliberations when an alternate juror replaces an original juror. We next address the standard of review to be applied to this error if it is unpreserved. Finally, we determine if the district court committed reversible error in this case.

*The failure to instruct the jury to restart deliberations when an alternate juror replaces an original juror is an error of constitutional dimension*

Martinorellan argues that the failure to instruct the jury to restart deliberations after an alternate juror replaced an original juror was an error of constitutional dimension because it interfered with his constitutional right to a trial by a fair and impartial jury.[3] The State argues that this error was not of constitutional dimension because the

---

[3]Although Martinorellan argued in his briefing in support of his petition for en banc reconsideration that the district court's failure to instruct the jury to restart deliberations violated NRS 16.080, he contended at oral argument before the en banc court that NRS 175.061(4) is the statute that applies. In relevant part, NRS 16.080 provides that in a civil trial the district court shall recall the jury and resubmit the case when replacing an original juror with an alternate juror during deliberations. Although NRS 16.080's provision is analogous to NRS 175.061(4), which governs criminal trials, it does not apply to the present case. Therefore, we limit our consideration to NRS 175.061(4).

district court did not prevent the jury from restarting deliberations after the alternate juror was seated. We review de novo whether an error is of constitutional dimension. *See Jackson v. State,* 128 Nev. ___, ___, 291 P.3d 1274, 1277 (2012) (reviewing constitutional issues de novo).

NRS 175.061(4) provides that "[i]f an alternate juror is required to replace a regular juror after the jury has retired to consider its verdict, the judge shall recall the jury, seat the alternate and resubmit the case to the jury." While we have not expressly addressed whether the error in this circumstance is of constitutional dimension, we have determined that a district court's failure to instruct a reconstituted jury to restart deliberations violates NRS 175.061 and can constitute reversible error. *See Carroll,* 111 Nev. at 372-74, 892 P.2d at 587-88.

In *Carroll,* the district court failed to instruct the jury to restart deliberations when an alternate juror replaced an original juror after two days of deliberations. *Id.* at 373, 892 P.2d at 587-88. The reconstituted jury then deliberated for "only a couple of hours before the final verdict was rendered." *Id.* at 373, 892 P.2d at 588. Although there was overwhelming evidence of the defendant's guilt, the *Carroll* court held that the district court's failure to instruct the jury to restart deliberations, as required by NRS 175.061, was not harmless because the relatively short length of time of the post-substitution deliberations "may [have] indicate[d] that the alternate juror was unduly influenced by the rest of the jury." *Id.* at 373, 892 P.2d at 587-88. As a result, it reversed the defendant's conviction. *Id.* at 374, 892 P.2d at 588. The *Carroll* court, however, did not address whether the failure to instruct the reconstituted

 

jury to restart deliberations was an error of constitutional dimension. *See id.* at 372-74, 892 P.2d at 587-88. Therefore, we address this issue now.

An error is of constitutional dimension if it impairs a defendant's constitutional rights. *See Dickson v. State*, 108 Nev. 1, 3, 822 P.2d 1122, 1123 (1992). A criminal defendant has a "Sixth Amendment right to a fair trial by an impartial jury." *Valdez v. State*, 124 Nev. 1172, 1185, 196 P.3d 465, 474 (2008). An error which violates this right is of constitutional dimension. *See id.* at 1188, 196 P.3d at 476.

The failure to instruct a jury to restart deliberations after an alternate juror replaces an original juror during deliberations can create the risk of the original jurors exerting undue influence on the alternate juror. *Carroll*, 111 Nev. at 373, 892 P.2d at 588. Thus, this failure infringes on a defendant's right to a trial by an impartial jury. *See Viray v. State*, 121 Nev. 159, 163-64, 111 P.3d 1079, 1082 (2005) (observing that a juror exercising improper influence on another juror could prejudice the defendant). Therefore, we now hold that the failure to instruct the jury to restart deliberations when an alternate juror replaces an original juror is an error of constitutional dimension because it impairs the right to a trial by an impartial jury.

*Unpreserved errors are reviewed for plain error regardless of whether they are of constitutional dimension*

We ordinarily review an error that was not preserved in the district court for plain error. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477; *Nelson v. State*, 123 Nev. 534, 543, 170 P.3d 517, 524 (2007). Martinorellan, however, argues that the standard of review for an unpreserved constitutional error should be the same as that for a

preserved constitutional error. Thus, he contends that this court should review an unpreserved constitutional error to determine if it was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967) (setting forth the standard of review for preserved constitutional error).

Instead of using the ordinary standard of review that applies to preserved constitutional errors, we have reviewed unpreserved constitutional errors for plain error. *See Maestas v. State*, 128 Nev. ___, ___, 275 P.3d 74, 89 (2012) (reviewing an unpreserved First Amendment claim for plain error). Our review of unpreserved constitutional errors for plain error is consistent with the United States Supreme Court's caselaw which provides that unpreserved constitutional errors are to be reviewed for plain error. *See Johnson v. United States*, 520 U.S. 461, 465-66 (1997) (reviewing an unpreserved Sixth Amendment jury right violation for plain error). Therefore, we hold that all unpreserved errors are to be reviewed for plain error without regard as to whether they are of constitutional dimension.

*Martinorellan did not demonstrate that the district court's failure to instruct the jury to restart deliberations after the alternate juror replaced the original juror was plain error*

Martinorellan argues that the district court's failure to instruct the jury to restart deliberations was prejudicial to his right to a trial by an impartial jury because of the relatively short amount of time that the jury deliberated after the alternate juror was seated. We now address the nature of our review of the district court's error and whether reversal is warranted.

*The district court's error is subject to review for plain error*

Martinorellan did not object when the district court failed to instruct the reconstituted jury to restart deliberations. Therefore, we review this error for plain error. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

"To amount to plain error, the 'error must be so unmistakable that it is apparent from a casual inspection of the record.'" *Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 637 (2010) (quoting *Nelson*, 123 Nev. at 543, 170 P.3d at 524). In addition, "the defendant [must] demonstrate[ ] that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice.'" *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)). Thus, reversal for plain error is only warranted if the error is readily apparent and the appellant demonstrates that the error was prejudicial to his substantial rights.

Here, the error is readily apparent from the record. The trial transcripts presented in the record do not show that the district court gave any instruction to the reconstituted jury when the alternate juror joined it. The question then is whether Martinorellan has demonstrated that this error had a prejudicial effect on his substantial rights.

*Martinorellan did not demonstrate that the district court's error had a prejudicial effect on his right to a jury trial*

When determining whether an error relating to the substitution of an alternate juror for an original juror is prejudicial, courts "consider[ ], among other factors, the length of the jury's deliberations before and after the substitution." *United States v. Virgen-Moreno*, 265 F.3d 276, 289 (5th Cir. 2001). Thus, if most of the jury's deliberation time occurs before an error relating to the replacement of an original juror, this

can demonstrate that the error was prejudicial. *See Carroll*, 111 Nev. at 373, 892 P.2d at 588 (holding that because the jury reached a verdict "only a couple of hours" after an alternate juror joined the jury two days into deliberations, the district court's failure to instruct the jury to restart deliberations was a prejudicial error); *see also United States v. Lamb*, 529 F.2d 1153, 1156 (9th Cir. 1975) (holding that because a jury reached a verdict only 29 minutes after an alternate juror joined it following nearly 4 hours of deliberations, there was "impermissible coercion upon the alternate juror"); *cf. State v. Guytan*, 968 P.2d 587, 594 (Ariz. Ct. App. 1998) (holding that the trial court's failure to instruct the jury to restart deliberations after replacing a juror 30 minutes into deliberations was harmless error, in part because the reconstituted jury deliberated for 5 hours before reaching a verdict).

Here, the jury deliberated for approximately 1 hour and 15 minutes before the district court convened a hearing to replace an original juror with an alternate juror. The reconstituted jury then deliberated for nearly 4 hours and 30 minutes before convicting Martinorellan. Thus, over 75 percent of the jury's deliberation time occurred after the alternate juror joined the jury. As a result, this case is distinct from *Carroll* and *Lamb* where the vast majority of the jury's deliberation time occurred before the alternate juror replaced the original juror. Instead, it is similar to *Guytan* where nearly all of the jury's deliberation time occurred *after* the alternate juror replaced the original juror. Because the relative lengths of time that the jury deliberated before and after the alternate juror replaced an original juror do not demonstrate that the district court's error was prejudicial, Martinorellan failed to demonstrate that the district court's failure to instruct the reconstituted jury to restart deliberations

rose to the level of plain error. Therefore, this unpreserved error does not warrant reversal of Martinorellan's conviction, and we affirm the judgment of conviction.

_____, J.
Douglas

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Pickering

SAITTA, J., with whom CHERRY, J., agrees, dissenting:

Although I agree with the majority's conclusion that a district court's failure to instruct the jury to restart deliberations after an alternate juror replaces an original juror impairs a defendant's constitutional right to a trial by an impartial jury, I believe that this failure is a structural error which requires that Martinorellan's conviction be reversed and his case be remanded for a new trial. Therefore, I respectfully dissent.

Because this type of error can substantially alter how the jury deliberates, it "affect[s] the very 'framework within which the trial proceeds'" and is thus a structural error. *Cortinas v. State*, 124 Nev. 1013, 1024, 195 P.3d 315, 322 (2008) (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)). Without an instruction from the district court to begin deliberating anew, there is a significantly greater risk that the original jurors will improperly impose upon the alternate juror any conclusions that they reached before the original juror's removal.

In addition, the district court's failure to instruct the jury to begin deliberating anew impliedly allows the jury to rely on the deliberations of the removed juror—a person who is not part of the jury actually deciding the defendant's guilt. Because this error undermines the defendant's right to an impartial jury by allowing a removed juror's deliberations to be considered and permitting the original jurors to improperly impose their previously reached conclusions onto a newly

seated juror, it is a structural error. Therefore, I would reverse Martinorellan's conviction and remand this case for a new trial.

_____, J.
Saitta

I concur:

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A