# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JENNIFER MUNOZ,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 66264 |

FILED

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE



This is an appeal from a judgment of conviction, pursuant to a jury verdict, of multiple transactions involving fraud or deceit in course of enterprise or occupation, theft, obtaining money under false pretenses, and racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Jennifer Munoz first argues that the district court abused its discretion by denying her motion for a new trial when the indictment failed to state with specificity the acts she committed that constituted racketeering. To provide a defendant with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice to the accused of the prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Its sufficiency will be determined by practical and not technical standards. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970). When the indictment is first challenged after all the evidence has been presented, as here, a reduced standard of review will be applied, and any defect will be disregarded unless it affected Munoz's substantial rights by impairing her ability to prepare a defense. *See State v. Jones*, 96 Nev. 71,

76, 605 P.2d 202, 205-06 (1980). The racketeering count identified specific statutory sections under which liability was alleged, the State's theories of racketeering liability and how Munoz and others violated these sections, and specific acts of misconduct by Munoz involving a particular victim and date. Munoz accordingly had sufficient notice of the charges to prepare a defense. *See Lewis v. State*, 100 Nev. 456, 460, 686 P.2d 219, 221 (1984) ("NRS 173.075(2) permits incorporation of the allegations of one count in another count of an indictment."). We conclude that Munoz has not shown that the district court abused its discretion. *See State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993) (reviewing district court's denial of motion for new trial for abuse of discretion).

Second, Munoz argues that the district court abused its discretion in providing an instruction on ignorance of the law that improperly shifted the burden to the defense by not distinguishing between general and specific intent. We review the district court's decisions in settling jury instructions for an abuse of discretion or judicial error, *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005), and review de novo whether a jury instruction is an accurate statement of law, *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007). As Munoz failed to object contemporaneously, review is limited to plain error affecting Munoz's substantial rights. *See Tavares v. State*, 117 Nev. 725, 729, 30 P.3d 1128, 1130-31 (2001), *modified on other grounds by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). Having reviewed the instruction, we note that the instruction is a correct statement of the law and conclude that it did not shift the State's burden regarding the intent elements. *See United States v. McDaniel*, 545 F.2d 642, 644 (9th Cir.



1976); *Sharma v. State*, 118 Nev. 648, 655, 56 P.3d 868, 872 (2002). We conclude that the district court did not err in giving this instruction.

Third, Munoz argues that the district court abused its discretion in denying the proposed defense instructions on the failure to collect material evidence, witness immunity, and racketeering. An instruction to irrebuttably presume that lost or uncollected evidence was unfavorable to the State is appropriate when the disputed evidence was material and its absence resulted from gross negligence or bad faith. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998); *Sanborn v. State*, 107 Nev. 399, 408, 812 P.2d 1279, 1286 (1991). Having reviewed the record, we agree with the district court that the police's failure to collect potential video evidence when executing their warrant on Club Exclusive II's premises was negligent but not grossly so and that a *Sanborn* instruction was thus unnecessary. Further, we note that codefendant's counsel argued that the absence of this evidence should be considered adversely against the State, belying Munoz's contention that the district court deprived her of the opportunity to argue that the absence of this evidence should weigh against the State's case. As to the denied immunity instruction, considering the jury instructions about the considerations that witnesses received for testifying and the illegality of prostitution in Clark County, we agree with the district court that the instructions provided covered the factual circumstances presented by the evidence. We also agree that the victim here does not fall within the class of informants described in *On Lee v. United States*, 343 U.S. 747, 757 (1952). Lastly, we have reviewed the jury instructions provided on racketeering and those proposed and find the proposed instructions both misleading and incomplete for suggesting that finding a "criminal

enterprise" is prerequisite to liability when no such term of art is found in Nevada's racketeering statute, *see* NRS 207.360-.400, and that racketeering liability may only apply through NRS 207.400(1)(c), neglecting the other modes of liability enumerated in NRS 207.400(1). Accordingly, we conclude that the district court did not abuse its discretion in denying the proposed instructions. *See Crawford*, 121 Nev. at 748, 121 P.3d at 585.

Fourth, Munoz argues that the district court abused its discretion in admitting prior-bad-act evidence without previously conducting a hearing outside the presence of the jury. Munoz further argues that it was error for the State to refer to this evidence in closing. To overcome the presumption against the inadmissibility of uncharged prior bad acts, the State must show its propriety at a hearing outside the presence of the jury. *Tavares*, 117 Nev. at 731, 30 P.3d at 1131. This requirement may apply to uncharged prior bad acts committed by coconspirators. *See Flores v. State*, 116 Nev. 659, 662-63, 5 P.3d 1066, 1068 (2000). Munoz failed to object contemporaneously, and we review this contention for plain error affecting her substantial rights. *Mclellan*, 124 Nev. at 269, 182 P.3d at 110. The State elicited brief testimony regarding a prior book-sale fraudulent scheme to emphasize that the essential purpose of the club was to perpetrate fraud. By failing to conduct a hearing as to the propriety of this evidence, the district court committed error. The State's subsequent reference to the testimony in closing, however, was permissible argument on the evidence presented. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989). In light of the overwhelming evidence of the fraudulent reflexology scheme perpetrated at Club Exclusive II and the very brief discussion of the prior

book-sale fraud, we conclude that Munoz has failed to show that this error affected her substantial rights.

Fifth, Munoz argues that the district court erred in denying her motion for an advisory verdict because insufficient evidence supported her convictions. The district court has discretion to advise the jury to acquit a defendant when it deems the evidence insufficient for a conviction, NRS 175.381(1), and we review its decision for an abuse of discretion, *Milton v. State*, 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995). Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

A victim testified that an attendant at the club induced him to purchase admission to the premises on the strong implication that he was paying for sexual services that were never intended to be provided and that his attendant upsold him with multiple subsequent transactions by falsely implying that he was paying for sexual services. The victim paid more than $7000. Receipts produced at trial indicated that the attendant who upsold him was "Jen M." Another attendant who participated in defrauding the victim testified that Munoz was "Jen M" and that Munoz defrauded the victim that night. Munoz, as with the other attendants, was given a script to use in defrauding victims, was instructed on how to dress and perform, attended staff meetings at which the club's business practices of fraud were discussed, and used a signal to inform bouncers to remove from the premises an upset victim who had been defrauded. Munoz was described as one of the Club's most effective attendants at eliciting secondary and tertiary transactions from customers.

The jury could reasonably infer from the evidence presented that Munoz knowingly and with fraudulent intent engaged in an act that operated a fraud by falsely representing something Munoz knew to be false, that she intended the victim to rely upon, and that resulted in loss to the victim in at least two transactions, *see* NRS 205.377(1); that Munoz knowingly obtained property from the victim by a material misrepresentation with the intent to deprive the victim of that property, *see* NRS 205.0832(1)(c); that Munoz knowingly and intentionally obtained more than $250 from the victim by false pretense with the intent to cheat or defraud the victim, *see* NRS 205.380(1) (2010); and that Munoz was employed by Club Exclusive II and participated in obtaining money by false pretenses, obtaining property by false pretenses, and taking property from another under circumstances not amounting to robbery through its affairs and that these crimes had similar patterns, *see* NRS 207.360(9), (26), (33); NRS 207.390; NRS 207.400(1)(c)(2). It is for the jury to determine the weight and credibility to give the evidence, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). As such, we conclude that the district court did not abuse its discretion in denying Munoz's motion for an advisory verdict.

Sixth, Munoz argues that the district court abused its discretion in denying her motion for a new trial on the ground of conflicting evidence. The district court may grant a new trial when the evidence was conflicting and the district judge believes that the totality of the evidence fails to prove guilt beyond a reasonable doubt. *State v. Purcell*, 110 Nev. 1389, 1394, 887 P.2d 276, 279 (1994). We review the

district court's decision on a motion for a new trial for an abuse of discretion. *Carroll*, 109 Nev. at 977, 860 P.2d at 180. Munoz's conflicting-evidence argument amounts to an attack on the credibility of the witnesses against her—determinations of which are the province of the jury that we will not disturb here, *see Bolden*, 97 Nev. at 73, 624 P.2d at 20—and, rather than identifying conflicting evidence, Munoz has noted minor details weighing against witness credibility. We conclude that Munoz has failed to show that the district court abused its discretion.

Seventh, Munoz argues that cumulative error warrants reversal. As she has identified only the prior-bad-acts hearing error, which does not warrant reversal, we conclude that this ground does not warrant relief.

Having considered Munoz's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
Las Vegas Defense Group, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk