DAVID LEE CHANDLER II, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 8370

May 26, 1976                                  550 P.2d 159

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* of Carson City, for Appellant.

*Alan R. Harter,* Esmeralda County District Attorney, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appellant, convicted of first degree murder and presently serving a life sentence without the possibility of parole, asks that his conviction be set aside. We summarily reject as meritless his claims that evidence of his guilt was insufficient, that his confession to an agent of the FBI was involuntary, and that he was inadequately represented by counsel. The record may be read to refute these contentions and extended discussion of them is not warranted. Two assignments of error, however, require comment.

1. As trial was about to commence the appellant was brought into the courtroom wearing civilian clothes but handcuffed. The entire jury panel witnessed this. His counsel moved for a mistrial. The court denied that motion, ordered the handcuffs removed and trial proceeded.

The State admits the absence of any necessity to impose physical restraints upon the accused during the course of his trial. Cf. Illinois v. Allen, 397 U.S. 337 (1970). Indeed, before trial the district attorney had advised the sheriff to bring the defendant to court in civilian clothes and without handcuffs. For reasons not disclosed this advice was not heeded. The appellant contends that his brief appearance before the jury panel handcuffed fatally infected the fairness of his trial and requires this court to annul his conviction.

A defendant has a constitutional right to appear before the jury without physical restraints. State v. McKay, 63 Nev. 118, 155, 165 P.2d 389 (1946); Sefton v. State, 72 Nev. 106, 295 P.2d 385 (1956). Only exceptional circumstances will permit the imposition of physical restraints upon an accused. State v. McKay, supra; Sefton v. State, supra; Illinois v. Allen, supra. Here, it is admitted that such circumstances did not exist. Thus, we are compelled to rule that error occurred.

It does not follow, however, that such error was prejudicial rather than harmless. The integrity of the fact finding process

was not necessarily infected by the violation, nor did the violation in any way affect the reliability of the evidence received during the course of the trial.

Some constitutional errors may, in the setting of a particular case, be so unimportant and insignificant as to be deemed harmless and not require an automatic reversal of the conviction. Chapman v. California, 386 U.S. 18, 22 (1967); Guyette v. State, 84 Nev. 160, 166, 438 P.2d 244 (1968).

On the record before us we hold the error to be harmless within the strict federal standard announced in Fahy v. Connecticut, 375 U.S. 85 (1963), and Chapman v. California, supra. This error did not affect the substantial rights of the accused. NRS 177.255. He had confessed his crime not only to the FBI agent, but also by a letter written to the victim's wife. Also, much other evidence pointed to his guilt.

2. The appellant Chandler and one Curtis Hale were jointly charged with the murder. Subsequently, the State granted Hale immunity from prosecution. Hale was not used as a witness during presentation of the State's case in chief. Chandler then testified and, for the first time, stated that Hale actually had perpetrated the killing. In rebuttal, the State called Hale as a witness to controvert Chandler's story.

Counsel for Chandler did not request a cautionary instruction concerning the testimony of an accomplice, nor did the court give such instruction sua sponte. It now is asserted that the failure to so instruct is prejudicial error.

It is conceded that Hale was an accomplice. NRS 175.291 (2). And, of course, a conviction may not rest upon the testimony of an accomplice unless it is corroborated by other evidence which in itself, and without the aid of such testimony, tends to connect the defendant with the commission of the offense. NRS 175.291(1); Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

In most cases where accomplice testimony is used, it is offered during the State's case in chief and the issue for the trial court, and later for this court, is the sufficiency of the corroborating evidence. Usually, in that situation, an instruction to the effect that the testimony of an accomplice should be received with caution is given. However, even within that context where the State relies heavily upon the accomplice's testimony as a part of its case in chief, the court is not required to give the cautionary instruction sua sponte. Gebert v. State, 85 Nev. 331, 454 P.2d 897 (1969). A fortiori, such an instruction is

not required where, as here, the testimony of the accomplice was used primarily to rebut that offered by the accused rather than to prove the crime itself.

Affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.