CHRISTOPHER D. HAYWOOD, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 21388

April 30, 1991 809 P.2d 1272

*Morgan D. Harris,* Public Defender and *Robert L. Miller,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland* and *Daniel M. Seaton,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Christopher D. Haywood (Haywood) stole a purse from the arm of an elderly woman in the parking lot of the Showboat Hotel. Several witnesses saw the incident and proceeded to chase Haywood. An officer chased him into a nearby restaurant parking lot. While the officer was attempting to apprehend Haywood, Haywood shot him in the face with a shotgun and ran off.

Numerous witnesses were able to identify Haywood as the perpetrator of both the robbery and the shooting. Haywood was convicted of one count of robbery, victim 65 years of age or older, and attempted murder with use of a deadly weapon.

Haywood asserts on appeal that statements made during trial were unduly prejudicial to him. First, he asserts that a police detective improperly referred to the police gang unit when discussing the department's attempt to locate a defense witness. Second, he asserts that the prosecutor deprived him of his right to the presumption of innocence by referring to the fact that Haywood had been held in custody between the time of his arrest and trial. We conclude that these errors are harmless in light of the overwhelming evidence of guilt produced at trial.

The police detective referred to the police gang unit in describing the different methods that law enforcement used to locate a witness. Haywood asserts that juries assume that gangs are entwined with criminal activity, and since the crime at issue was not gang-related, mention of the gang unit was unnecessary.

We agree that gang-related testimony had no place at this trial. However, the statement made at Haywood's trial had little, if any, prejudicial effect. First, the statement was not solicited by the prosecution. The witness volunteered the term "gang unit" when discussing the different methods law enforcement uses to locate someone. Second, the statement was made in reference to a witness, not the defendant. Finally, the court had no opportunity to give a limiting instruction on gang testimony because Haywood's trial counsel failed to make a contemporaneous objection. For these reasons, a passing reference to the police gang unit could not have affected the outcome of this case.

The prosecutor's references to Haywood's in-custody status, however, were improper. Deputy District Attorney Dan Seaton cross-examined Haywood about jail visits that he received from friends and relatives. After the jury left the courtroom, defense counsel objected to this line of questioning, but the court determined that it was not prejudicial.

However, a defendant has a constitutional right to appear before the jury without physical restraints. United States v. Samuel, 431 F.2d 610 (4th Cir. 1970) (appellate court reserved ruling until trial court could supplement the record with reasons why the defendant was wearing handcuffs during trial); Chandler v. State, 92 Nev. 299, 550 P.2d 159 (1976) (removing handcuffs in the courtroom was error, although harmless). Even though

these cases specifically refer to physical restraints, verbal references also may provide an appearance of guilt that a jury mistakenly might use as evidence of guilt. The rule that one is innocent until proven guilty means that a defendant is entitled to not only the presumption of innocence, but also to indicia of innocence. Illinois v. Allen, 397 U.S. 334 (1970); State v. Baugh, 571 P.2d 779, 782 (Mont. 1977). Informing the jury that a defendant is in jail raises an inference of guilt, and could have the same prejudicial effect as bringing a shackled defendant into the courtroom.

Still, we noted in *Chandler* that this type of error is not always prejudicial rather than harmless. *Chandler,* 92 Nev. at 300, 550 P.2d at 160. When the evidence of guilt is overwhelming, even a constitutional error can be comparatively insignificant. Chapman v. California, 386 U.S. 18, 22 (1967); Guyette v. State, 84 Nev. 160, 438 P.2d 244 (1968). In this case, five witnesses positively identified Haywood, and two others gave descriptions that matched him closely. Haywood's own jacket, as well as shotgun shells matching a shell found in Haywood's possession, were found at the scene of one of the crimes. Overwhelming evidence connected Haywood with this crime. Therefore, we find the prosecutor's questions about jail visits improper, but harmless beyond a reasonable doubt.

Accordingly, we affirm the judgment of the district court.