An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHANIE FAST,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62325

FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of burglary and robbery. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Sufficiency of the evidence*

Appellant Stephanie Fast contends that insufficient evidence supports her convictions because there was no evidence of forced entry into the victim's car, she did not use force to take the victim's purse, and she harbored a good-faith belief that the purse belonged to her friend. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). Here, the State presented evidence that Fast entered the victim's car and took the victim's purse. When the victim tried to retrieve her purse, a tug-of-war ensued and Fast bit the victim. Fast continued to forcibly resist the victim's efforts to get her purse back until a Good Samaritan intervened. We conclude that a rational trier of fact could reasonably infer from this evidence that Fast entered the victim's car to steal her purse and used force against the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27669

victim to retain possession of the purse. *See* NRS 193.200 (intent); NRS 205.060(1) (burglary); NRS 200.380(1) (robbery); *Sharma v. State*, 118 Nev. 648, 659, 56 P.3d 868, 874 (2002) (observing that "intent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime, which are capable of proof at trial"). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

*Evidentiary decisions*

Fast contends that the district court made three evidentiary errors. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

First, Fast contends that the district court erred by admitting a county jail property transaction report into evidence because it was irrelevant, prejudicial, and revealed her custodial status. Fast had elicited testimony during her cross-examination of the State's witnesses that no burglary tools were found in her possession. However, the report showed that Fast possessed a knife when she was booked into the county jail. The State wanted the report admitted into evidence to show that Fast had a knife and to argue that the knife could have been used as a burglary tool. The district court ruled that the report was relevant to the issue of whether Fast possessed an object that could be used to gain entry into the car, the fact that she had a knife was not overly prejudicial because lots of people carry knives, and the fact that she had been arrested was not

prejudicial because this fact was already before the jury. The district court further ruled that the State could not ask the records custodian whether Fast was in custody when her property was released. We conclude that the district court did not abuse its discretion by admitting this evidence and the evidence did not erode Fast's constitutional right to a fair trial. *See* NRS 48.015 (relevant evidence); NRS 48.025 (relevant evidence is generally admissible); NRS 48.035(1) ("[Relevant] evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice."); *see also Haywood v. State*, 107 Nev. 285, 288, 809 P.2d 1272, 1273 (1991) ("Informing the jury that a defendant *is in* jail raises an inference of guilt." (emphasis added)).

Second, Fast contends that the district court erred by allowing prosecutors to elicit testimony and present argument that shifted the burden of proof to the defense. In her opening statement, Fast asserted that the burglary and robbery charges were all a big misunderstanding because she believed that the car and the purse belonged to her friend "Rosa" who had asked her to retrieve the purse. The State asked each of its witnesses whether anyone had come forward and stated, "Stephanie Fast is my friend, this is a mistake, I told her to get my purse," and it argued during closing argument that Fast's theory of defense was not believable because Rosa did not exist. Fast did not object to the State's questions or argument and we conclude she has not demonstrated that the district court committed plain error in this regard. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims for plain error); *Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001) ("[A]s long as a prosecutor's remarks do not call attention to a

(O) 1947A

defendant's failure to testify, it is permissible to comment on the failure of the defense to counter or explain evidence presented.").

Third, Fast contends that the district court erred by allowing a police officer to opine that an uncollected surveillance video recording would not have added anything to the instant case. Officer Kirwin testified that he did not collect a video recording from the nearby Lowe's because there was an independent witness, facts that Fast had entered the car and took the purse were uncontested, and the identity of the suspect was not an issue. The State then asked Officer Kirwin if the video recording would have "add[ed] anything to this case" and Kirwin responded, "no." Fast did not object to the question or testimony and we conclude that she has not demonstrated that the district court committed plain error in this regard. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

*Proposed jury instructions*

Fast contends that the district court erred by rejecting her proposed jury instructions. "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). We have reviewed Fast's proposed "reasonable doubt," "two reasonable interpretations," and "negatively phrased" jury instructions and conclude that the district court did not abuse its discretion by rejecting them. *See* NRS 175.211(2); *Crawford v. State*, 121 Nev. 744, 753, 121 P.3d 582, 588 (2005); *Mason v. State*, 118 Nev. 554, 559, 51 P.3d 521, 524 (2002).

*Cumulative error*

Fast contends that cumulative error deprived her of a fair trial. However, because Fast has failed to demonstrate any error, we conclude that he was not deprived of a fair trial due to cumulative error.

Having concluded that Fast is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.                    _____, J.
Douglas                                Saitta

cc:    Hon. Douglas W. Herndon, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[1]The fast track response does not comply with formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. We caution counsel for the State that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).