An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOSEPH MARTIN NORTON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62387<br><br>**FILED**<br><br>MAY 3 0 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S.Young<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, burglary while in possession of a deadly weapon, and two counts of robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.[1] Appellant Joseph Martin Norton raises five errors.

First, Norton contends that the district court should have issued a mistrial or dismissed his case because of prosecutorial misconduct. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). "First, we must determine whether the prosecutor's conduct was improper." *Id.* "Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Id.* Here, an investigator from the district attorney's office retaliated against an alibi witness who did not meet with the investigator

___

[1]The Honorable Lee A. Gates, Senior Judge, presided over the trial in this case.

14-17553

to discuss his testimony by calling the North Las Vegas police department and informing them that the alibi witness had active traffic warrants. The witness was later arrested on those warrants and booked in jail. We agree that the State's conduct was improper. However, Norton has failed to explain how he was prejudiced by the State's conduct. The district court threatened to dismiss Norton's case if the witness did not appear in court to testify on Norton's behalf. At trial, the alibi witness appeared in court and testified that Norton was with him in another part of town at the time the robbery occurred. Therefore, we discern no prejudice arising from the State's improper conduct. We conclude that the district court did not err and Norton is not entitled to the reversal of his convictions on this ground.[2]

Second, Norton contends that he is entitled to the reversal of his conviction because the State referred to his in-custody status in three different ways. *See Haywood v. State*, 107 Nev. 285, 287, 809 P.2d 1272, 1273 (1991) (explaining that references to defendant's in-custody status

---

[2]To the extent that Norton attempts to argue for the first time in his reply brief that the State's conduct prejudiced him because it intimidated another female witness who did not testify at Norton's trial, we decline to consider this claim. *See* NRAP 28(c); *see also Elvik v. State,* 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments made for the first time in a reply brief prevent the respondent from responding to appellant's contentions with specificity). Furthermore, this new contention was not raised by Norton's counsel during his trial. Instead, the facts supporting this allegation were raised in Norton's post-verdict proper person Motion to Dismiss Counsel and Request a Mistrial which was denied by the district court.

are improper). The first objection occurred before opening statements. Norton objected to the admission of photos taken of his tattoos which Norton claimed showed him in a jail jumpsuit with the doors to the jail behind him. The district court stated, "I can't tell he's in custody." Norton has not provided copies of the photographs and we are not convinced that the district court erred by admitting them. The second and third references to Norton's in-custody status occurred during opening statements. The State referred to a phone call made by Norton "shortly after [he] was taken into custody." The PowerPoint presentation also appears to have read "shortly after being taken into custody." Norton objected and moved for a mistrial because the statements referred to his in-custody status. The district court overruled the objection noting that the incident referred to by the State occurred just after he was arrested. We conclude that the State's improper references to Norton's in-custody status were harmless, *see State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993); *Haywood v. State*, 107 Nev. at 288, 809 P.2d at 1273, and that the district court did not err by denying his motion for a mistrial.

Third, Norton contends that the State shifted the burden of proof during opening statements by telling the jury, "I urge you to resist any urges to make this complicated." We conclude that this statement did not shift the burden of proof and therefore did not support Norton's motion for a mistrial.

Fourth, Norton appears to contend that there was a late disclosure of photographs and fingerprint evidence. To the extent that the allegations contained in Norton's opening brief make out a cognizable claim for relief, Norton has not demonstrated error because he has not

supported his claim with sufficient argument or citation to any legal authority. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Fifth, Norton contends that the district court erred by allowing the State to refer to the contents of jail phone calls during opening statements because he made a timely objection and those phone calls were not admitted during trial and were later excluded based on the State's failure to comply with NRS 179.500.[3] Even if the district court erred by allowing this evidence to be disclosed to the jury during opening statements, we conclude that Norton is not entitled to relief on this ground. *See* NRS 178.598. The jury was instructed to consider the evidence and that "statements, arguments and opinions of counsel are not evidence." *See Leonard v. State,* 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (explaining that jurors are presumed to follow their instructions). Furthermore, the State did not refer to the content of the jail phone calls during closing arguments. In light of these circumstances and the presentation of other compelling evidence of Norton's guilt at trial, we conclude that the error was harmless.

Having considered Norton's contentions and concluded that he is not entitled to relief, we

---

[3]To the extent that Norton contends that the jail phone calls were erroneously admitted during the State's case in chief or on rebuttal, we conclude that Norton has failed to demonstrate that the jail phone calls were actually admitted into evidence by the district court.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

ORDER the judgment of conviction AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J. dissenting:

I respectfully dissent from the panel's decision because I believe that the retaliation against Norton's alibi witness, disclosure of Norton's jail phone call during opening statements, and discussion of Norton's in-custody status affected his substantial rights. *See* NRS 178.598. I would reverse the judgment of conviction and remand for a new trial.

_____, J.
Cherry

cc:  Hon. Kathleen E. Delaney, District Judge
     Matthew D. Carling
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[4]Norton's briefs fail to comply with NRAP 32(a)(4) because they do not contain 1-inch margins on all four sides. Counsel for Norton is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions.