An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH ANDREW PALMER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64601

FILED

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance and allowing a child to be present during a controlled-substance-act violation. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

On August 20, 2008, the police, with the help of a confidential informant, arranged a controlled buy of cocaine from appellant to take place in a parking lot in the Boulevard Mall in Las Vegas. The confidential informant advised the police to look for a white van and disclosed the license plate number of the van. Officers from federal and state law enforcement agencies converged on the area and observed the white van identified by the confidential informant. Unexpectedly, appellant engaged in a different drug transaction than the one anticipated, resulting in his conviction for trafficking in a controlled substance.[1]

---

[1]Appellant was also convicted of allowing a child to be present during a controlled-substance-act violation because his 16-year-old son was present during the drug transaction.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31431

Appellant argues that the judgment of conviction must be reversed because his prosecution was barred by the Double Jeopardy Clause after his first trial ended in a mistrial. Although he sought to dismiss the charges before the second trial, appellant did not do so on double jeopardy grounds. Therefore, his claim is reviewed for plain error affecting his substantial rights. *Dieudonne v. State*, 127 Nev., Adv. Op. 1, 245 P.3d 1202, 1205 (2011). "To amount to plain error, an error must be so unmistakable that it is apparent from a casual inspection of the record." *Id.*

Appellant argues that double jeopardy precluded retrial because the State caused him to seek a mistrial at the first trial. His contention stems from the State's refusal to disclose the identity of a confidential informant before the first trial. The State represented that it did not intend to call the confidential informant to testify because he was not a material witness and therefore his identity need not be disclosed. At trial, the State sought to call the confidential informant in rebuttal to impeach appellant's testimony. The trial court did not permit the confidential informant to testify but allowed the State to recall a police detective to testify about phone calls between appellant and the confidential informant. Subsequently, the trial court granted appellant's motion for a mistrial based on the cumulative effect of three circumstances, including that appellant had no opportunity to cross-examine the confidential informant before the police detective's rebuttal testimony. The other two circumstances were not attributable to either party.[2] We cannot say from a casual inspection of the record that the

---

[2]The two circumstances were (1) a group of school students wearing DARE shirts attended the trial and (2) in attempting to secure a door, a

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

State caused appellant to seek a mistrial such that double jeopardy preluded retrial. *See Hylton v. Eighth Judicial Dist. Court*, 103 Nev. 418, 743 P.2d 622 (1987).

Appellant next contends that the district court erred by allowing a police officer to testify about phone calls between appellant and a confidential informant where the confidential informant's identity was not disclosed and the informant was not called as a witness or subjected to cross-examination. Appellant was made aware of the confidential informant's identity during the first trial, and the district court advised appellant well before the second trial that he could designate the confidential informant as a witness. Moreover, the police officer did not testify to any statements by the confidential informant and appellant's statements were admissible under NRS 51.035(3)(a). But even assuming error, the evidence supporting appellant's guilt is overwhelming and therefore he has not demonstrated prejudice. *See Haywood v. State*, 107 Nev. 285, 288, 809 P.2d 1272, 1273 (1991) ("When the evidence of guilt is overwhelming, even a constitutional error can be comparatively insignificant.").

Appellant next argues that a pat-down search violated his Fourth Amendment rights. He concedes that he did not challenge the search below. He requests that we not rule on the constitutionality of the search but remand the matter to the district court for an evidentiary hearing or dismiss the case. We decline to do so. Where there is no

---

*. . . continued*

court officer "appeared to indicate that [appellant] was in custody and that he was a danger."

contemporaneous objection tendered to the district court, we need not consider a claim of error. *McKague v. State*, 101 Nev. 327, 330, 705 P.2d 127, 129 (1985). Remanding this matter to the district court for an evidentiary hearing at this juncture to develop a claim not considered below is an inappropriate remedy.

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc:    Hon. Douglas W. Herndon, District Judge
       Eric G. Jorgenson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We reject appellant's claim that the judgment of conviction must be reversed based on cumulative error because he has demonstrated that only one possible error occurred. Accordingly, there is no error to cumulate.