# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN FONDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65277

FILED

JAN 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of burglary, robbery, first-degree kidnapping, and unlawful taking of a motor vehicle. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Steven Fondo first contends that the district court erred when it excluded his prescription-medication records from trial, admitted his statements to the victim, and admitted a recording of a phone call he placed from jail. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Evidence is relevant—and thus generally admissible, NRS 48.025(1)—when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015.

First, Fondo argues that the district court violated his rights to due process and a fair trial by excluding his prescription-medication records, because the records went to his anticipated defense of voluntary intoxication. "[V]oluntary intoxication may negate specific intent," *Nevius v. State*, 101 Nev. 238, 249, 699 P.2d 1053, 1060 (1985), and a defendant is

16-01442

entitled to admit evidence in support of his defense so long as that evidence comports with the rules of evidence, *Rose v. State*, 123 Nev. 194, 205 n.18, 163 P.3d 408, 416 n.18 (2007). The mere fact that Fondo was prescribed medications does not make it any more or less probable that he was able to form the intent necessary to be convicted of the specific-intent crimes with which he was charged. To be relevant, Fondo would have also needed to introduce evidence that his medications impaired his ability to form intent, that he had taken the medications, and that he was suffering the aforementioned effects at the time of the crimes. *Cf. Nevius*, 101 Nev. at 249, 699 P.2d at 1060 (holding it was not error to refuse a voluntary-intoxication jury instruction because there was no evidence of intoxication at the time of the crime). Nor did the district court abuse its discretion in not allowing Fondo's grandmother to lay the necessary foundation, because the offer of proof did not include any claim that the grandmother could testify to having observed Fondo ingest the medications and the subsequent effects thereof or connect them to Fondo's state of mind at the time he committed the charged crimes.

Second, Fondo argues that the district court abused its discretion in admitting statements he made to the victim because they were irrelevant and the statement regarding having shot someone constituted evidence of a prior bad act without the benefit of a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), or a limiting instruction pursuant to *Tavares v. State*, 117 Nev. 725, 30 P.3d 1128 (2001). While the victim was driving at what he believed to be gunpoint, Fondo told him, "I shot somebody yesterday. I've got nothing to lose. I'm suicidal." The statements were relevant to and probative of the robbery charge, an element of which is that Fondo took property "by

means of force or violence or fear of injury." NRS 200.380(1). Defense counsel's concession at trial that Fondo was guilty of robbery did not render the evidence irrelevant, because the concession did not relieve the State of its burden to prove every element beyond a reasonable doubt. *Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 397-98 (2013). Further, Fondo's statement that he shot someone was neither unfairly prejudicial nor a prior bad act as the statement was not offered "to prove the character of a person in order to show that the person acted in conformity therewith." NRS 48.045(2). Accordingly, Fondo was not entitled to a *Petrocelli* hearing or a *Tavares* instruction.

Third, Fondo argues that the district court should not have admitted a phone call that Fondo made from jail and/or should have redacted from it all references to the Clark County Detention Center (CCDC), because the call's contents and jail reference were more prejudicial than probative. "[E]vidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice." NRS 48.035(1). During the call, Fondo said that he needed money and was "broke," "on the street," and "getting desperate." The conversation was probative of Fondo's motive and intent, and Fondo has not demonstrated that it was unfairly prejudicial. Further, the call contained no reference to the CCDC, jail, or anything else that would have indicated Fondo was incarcerated. But even if it had, any error would have been harmless beyond a reasonable doubt as there was overwhelming evidence of Fondo's guilt. *See Haywood v. State*, 107 Nev. 285, 287-88, 809 P.2d 1272, 1273 (1991).

Fondo next contends that the district court erred in denying his NRS 175.381(1) motion to advise the jury to acquit him of the

kidnapping charge as there was insufficient evidence to support it. We review the district court's decision for an abuse of discretion. *Milton v. State*, 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995). A defendant may be convicted of both robbery and kidnapping arising out of the same course of events where any movement or restraint necessary for kidnapping is "substantially in excess of that necessary to" complete the robbery. *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). Sufficient evidence supports a conviction when, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (internal quotation marks omitted). When Fondo brandished what the victim believed to be a gun, the victim told Fondo to take the cab and leave him behind. Fondo instead ordered the victim to drive, and after seven minutes, he ordered the victim to pull over and get out of the cab, at which point Fondo drove off in the cab. Any rational juror could find that forcing the victim to drive for several more minutes before finally taking the offered cab was substantially in excess of any movement necessary to complete the robbery. We therefore conclude the district court did not abuse its discretion in refusing to give the advisory verdict.

Fondo next contends that the district court erred in finding that he voluntarily waived his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The voluntariness of Fondo's waiver presents mixed questions of law and fact and is thus subject to de novo review. *Mendoza*, 122 Nev. at 276, 130 P.3d at 181. A waiver is voluntary where, "under the totality of the circumstances, [it] was the product of a free and deliberate choice rather than coercion or improper inducement." *Id.* at 276, 130 P.3d

at 181-82. Fondo alleges no coercion or improper inducement, but instead argues that he was so intoxicated, his waiver was involuntary. Police officers testified at trial that Fondo exhibited no signs of intoxication: Fondo was not driving erratically, and after an initial delay in exiting the cab, Fondo followed all instructions, including walking backwards and kneeling with his hands in the air. An officer further testified that after waiving his *Miranda* rights, Fondo provided clear and accurate answers when asked his name, birthdate, and social security number; he recited a story about having borrowed the cab from a friend; and he repeated the story after the officer broke off the interview to speak with the victim. The totality of the circumstances indicate that Fondo's waiver of *Miranda* rights was voluntary.

Fondo next contends that the district court erred in finding that statements he made to the arresting officer were voluntary. As with the waiver, the voluntariness of Fondo's statements present mixed questions of law and fact and are thus subject to de novo review. *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). Fondo again argues that he was so intoxicated, his statements were involuntary. As discussed above, the totality of the circumstances indicate that Fondo was not intoxicated. Further, upon consideration of the voluntariness factors outlined in *Rosky*, Fondo has failed to demonstrate that his will was overborne such that his statement was involuntary. *Id.* at 193-94, 111 P.3d at 696. Fondo was not youthful, he had been *Mirandized*, the detention was not lengthy and he was not subject to repeated or prolonged questioning, he had not alleged any deprivation of food or sleep, and he had prior experience with law enforcement. *See id.* We therefore conclude the district court did not err in admitting his statements.

Fondo next contends that the district court erred in giving certain jury instructions and in refusing to give others. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Whether an instruction was an accurate statement of law is reviewed de novo. *Davis v. State*, 130 Nev., Adv. Op. 16, 321 P.3d 867, 871 (2014).

First, Fondo argues that the district court abused its discretion in instructing the jury on burglary (nos. 6-9) and that first-degree kidnapping does not require the completion of robbery (no. 16) because they were unnecessary and confusing in light of defense counsel's concession that Fondo was guilty of burglary and robbery. The instructions were necessary because the concession did not relieve the State of its burden of proof. *See Armenta-Carpio*, 129 Nev., Adv. Op. 54, 306 P.3d at 397-98. Further, he offers no explanation for his claim that instruction nos. 6-9 were duplicative, where no other burglary instructions were given. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Second, Fondo argues that the district court abused its discretion in rejecting his proposed instruction defining beyond a reasonable doubt, which was the same as that given (no. 25) but with additional language taken directly from this court's decision in *Randolph v. State*, 117 Nev. 970, 980-81, 36 P.3d 424, 431 (2001). We have recognized that any instruction beyond the statutory definition, which was given here, is not permissible. *See Garcia v. State*, 121 Nev. 327, 340, 113

P.3d 836, 844 (2005), *holding modified on other grounds by Mendoza*, 122 Nev. at 274, 130 P.3d at 180.

Third, Fondo argues that the district court abused its discretion in its instruction on circumstantial evidence (no. 26) and in refusing Fondo's version of it as well as an instruction for when there are two reasonable interpretations of evidence. Fondo has not alleged that the circumstantial-evidence instruction given was an incorrect statement of law, and he acknowledges that this court has held that his proposed instructions are permissible but not required to be given where, as here, the jury was properly instructed on reasonable doubt. *See Deveroux v. State*, 96 Nev. 388, 391-92, 610 P.2d 722, 724 (1980); *Bails v. State*, 92 Nev. 95, 96-97, 545 P.2d 1155, 1155-56 (1976). Further, Fondo's reliance on *Crawford v. State*, 121 Nev. 744, 121 P.3d 582 (2005) is misplaced. *Crawford* does not, as Fondo claims, hold that a defense instruction may not be refused just because "other instructions cover similar material," but rather recognizes that they should not be refused "on the ground that the legal principle it provides may be *inferred* from other instructions." *Id.* at 754, 121 P.3d at 588 (emphasis added).

Fourth, Fondo argues that the district court abused its discretion in rejecting his proposed instruction regarding witness credibility in favor of the State's (no. 27) where Fondo's version was more "expansive." "[I]t is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another instruction given to the jury." *Ford v. State*, 99 Nev. 209, 211, 660 P.2d 992, 993 (1983). Fondo's version contained more examples of what the jury could consider, but it was substantially covered by the instruction given.

Fifth, Fondo argues that the district court abused its discretion when it instructed the jurors that they must use their common sense and judgment and that the district court diluted the State's burden of proof by requiring jurors to look to personal experiences as well as the evidence (no. 28). Fondo misstates the instruction given. The jurors were instructed that they were "to consider *only the evidence in the case* in reaching a verdict," (emphasis added) but that they "may draw reasonable inferences from the evidence which [they] feel are justified in the light of common experience." Fondo acknowledges that this court has approved of the law as stated in the instruction given. *See Meyer v. State*, 119 Nev. 554, 568-72, 80 P.3d 447, 457-60 (2003). We decline Fondo's suggestion to reconsider *Meyer*.

Finally, Fondo argues that the district court abused its discretion in instructing the jury on consent as a defense to kidnapping, because the instruction was irrelevant. Fondo's argument is a bare claim devoid of any analysis. Accordingly, we do not address it. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

Fondo next contends that the district court erred in refusing to prohibit the State from mentioning Fondo's prior convictions in its post-trial communications with jurors, because the knowledge could potentially taint future jury pools. In essence, Fondo seeks declaratory relief for the benefit of future defendants. Where the Legislature has not provided a statutory right to seek relief, this court has long required "an actual justiciable controversy as a predicate to judicial relief." *Stockmeier v. Nevada Dep't of Corr. Psychological Review Panel*, 122 Nev. 385, 393, 135 P.3d 220, 225 (2006) (internal quotation marks omitted), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224,

181 P.3d 670 (2008). To demonstrate an actual controversy, a litigant must satisfy the "standing requirements of injury, causation, and redressability." *Id.* at 392, 135 P.3d 225 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Fondo fails to demonstrate standing as he has failed to demonstrate that he has suffered an actual injury from the Stat's post-trial discussion or that a favorable ruling would redress any injury. *See Lujan*, 504 U.S. at 560-61. In his reply, Fondo argues that courts have implicitly recognized that criminal defendants have inherent standing to challenge such communications. However, the cases Fondo relies upon are inapposite as in each case, the defendant had standing by virtue of some other mechanism than simply being the defendant. *See United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985) (on appeal from convictions in a second trial after the first trial resulted in a hung jury and discussing whether the government should have been able to discuss trial results with the first trial's jury in order to prepare for the second trial); *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019, 1021-22 (5th Cir. 1984) (on appeal from order denying attorney requests to interview jurors); *United States v. Moten*, 582 F.2d 654, 665-67 (2d Cir. 1978) (on appeal from ruling on discovery motions regarding a claim of juror misconduct); *Miller v. United States*, 403 F.2d 77, 82 (2d Cir. 1968) (on appeal from an order prohibiting defendant from questioning the jurors who convicted him); *Rakes v. United States*, 169 F.2d 739, 745-46 (4th Cir. 1948) (on appeal from a motion for new trial based on juror misconduct); *Commonwealth v. Fidler*, 385 N.E.2d 513, 520 (Mass. 1979) (on appeal from denial of a motion for new trial based on juror misconduct); *United States v. Narciso*, 446 F. Supp. 252, 325 (E.D. Mich. 1977) (on appeal from rulings on

 

discovery motions where government attorneys admitted they had spoken extensively with jurors).

Fondo next contends that the district court erred in denying his motion to record all bench conferences. He acknowledges that we recently held that it is sufficient to allow counsel the opportunity to make a record of the bench conference after the fact. *See Preciado v. State*, 130 Nev., Adv. Op. 6, 318 P.3d 176, 178 (2014). We decline Fondo's suggestion to reconsider *Preciado*. Further, Fondo does not allege that any error occurred in any bench conference or that he was prejudiced by the lack of recording.

Finally, Fondo contends that cumulative error entitles him to relief. Fondo has not identified any error and, accordingly, there are no errors to cumulate, and Fondo has failed to demonstrate that he is entitled to relief.

Having considered Fondo's claims and concluding they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                Pickering

cc:   Hon. Douglas W. Herndon, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk