# IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRUS DELONG KEMP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74134

FILED

APR 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

The State accused Kemp of fatally shooting Kishawn Washington. The shooting occurred during daylight hours, in the courtyard of an apartment complex, and in front of multiple witnesses. Witnesses described the shooter as having shoulder-length dreadlocks. Police linked Kemp to the shooting based on witnesses' descriptions and one witness's identification. Five witnesses identified Kemp as the shooter during a subsequent photo lineup. Kemp, who had cut off his dreadlocks and left the state shortly after the shooting, was arrested in Michigan.

At trial, five eyewitnesses testified for the State and identified Kemp as the shooter. The witnesses either referred to Kemp by various street names, including "T-Nutty" and "Boss," or stated they did not know the shooter's street name. Detectives also testified regarding the investigation.

For the defense, Kemp took the witness stand and testified he did not shoot Kishawn and was not at the apartment complex that day. However, Kemp admitted to cutting off his dreadlocks in order to avoid

19-18283

being implicated in the crime, and to leaving the state shortly after the shooting occurred. Two additional witnesses, Kellie Lowe and Kenya Thompson, also testified for the defense. Lowe testified that Kemp was at her home the afternoon of the shooting. Thompson testified that Kemp and "Boss" were not the same person. Following a six-day trial, the jury found Kemp guilty of second-degree murder with a deadly weapon.[1]

On appeal, Kemp advances several bases for reversal, including that insufficient evidence supports the verdict and the prosecutor engaged in misconduct.[2] He further argues a new sentencing hearing is required where the district court failed to expressly address the NRS 193.165(1) factors. We disagree.

*Sufficiency of the evidence*

When reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and

---

[1]We do not recount the facts except as necessary to our disposition.

[2]Kemp also argues the court deprived him of his right to present a complete defense by excluding certain evidence, including the threat to Lowe, the alleged witness statement, and the note naming someone else as the shooter. Our review of the record demonstrates the district court did not abuse its discretion, as this evidence was not relevant, lacked foundation, and constituted hearsay. *See* NRS 52.015 and NRS 52.025 (regarding authentication of evidence); NRS 51.035 and NRS 51.065 (regarding hearsay); *United States v. Thomas*, 86 F.3d 647, 653-54 (7th Cir. 1996) (holding that evidence of threats may be admissible where it is relevant to explain the witness's statements or conduct at trial). Moreover, Kemp fails to show any error affected his substantial rights in light of the evidence he adduced at trial. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). We do not address Kemp's arguments regarding rehabilitating Thompson, as Kemp does not cogently argue that point. *See* *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

 

determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).* "[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). And, circumstantial evidence is enough to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *overruled on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998).

Here, five eyewitnesses testified that Kemp was the shooter. The detectives testified that they linked Kemp to the crime based on eyewitness' identifications. Kemp himself testified that shortly after the shooting he altered his appearance to avoid being implicated in the crime and then left the state. The jury could reasonably infer from this overwhelming evidence presented that Kemp was the shooter. It is for the jury to determine the weight and credibility to give conflicting testimony, and we will not disturb the jury's verdict on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair*, 108 Nev. at 56, 825 P.2d at 573.

*Custodial status*

Kemp also asserts that the prosecutor's references to his custodial status raised an inference of guilt and prejudiced his right to a fair trial.[3] A defendant has a constitutional right to appear before the jury

---

[3]Kemp additionally asserts the prosecutor improperly called Kemp a liar, but the record demonstrates the prosecutor properly argued witness credibility and summarized Kemp's testimony. *See Rowland v. State*, 118

without physical restraints, and to that end the prosecutor may not make verbal references to the defendant's incarceration that effectively provide an appearance of guilt. *Haywood v. State,* 107 Nev. 285, 287-88, 809 P.2d 1272, 1273 (1991). However, references to a defendant's custodial status will not warrant reversal if the error is harmless. *Id.* Here, the record shows that the majority of the prosecutor's questions and comments were relevant in undermining witness credibility, and did not imply that Kemp was incarcerated at the time of trial. To the extent any comments improperly raised an inference of guilt, we conclude the error was harmless here because overwhelming evidence supported Kemp's conviction.[4]

*Sentencing hearing*

Finally, Kemp contends he is entitled to a new sentencing hearing because the district court failed to make any record on the NRS 193.165(1) factors before imposing the maximum sentence on the three deadly weapon enhancements. However, Kemp failed to object below and on appeal fails to show that the district court's error had any bearing on the sentencing decision. *See Pantano v. State,* 122 Nev. 782, 795, 138 P.3d 477,

---

Nev. 31, 39, 39 P.3d 114, 119 (2002) (noting prosecutors have reasonable latitude to argue witness credibility when outcome depends on witnesses' truthfulness, "even if this means occasionally stating in argument that a witness is lying"); *Rhyne v. State,* 118 Nev. 1, 10-11, 38 P.3d 163, 169 (2002) (noting a prosecutor may summarize a witness's testimony); *see also Griffith v. State,* Docket No. 66312, at *14-15 (Order of Affirmance, August 11, 2016) (concluding prosecutor's questions and summary regarding defendant's lies were not improper where defendant admitted he had lied).

[4]Kemp also contends that cumulative error warrants reversal, but this argument is without merit as Kemp fails to demonstrate multiple or significant errors. *See Pascua v. State,* 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006) (rejecting appellant's argument of cumulative error where "errors were insignificant or nonexistent").

485-86 (2006) (failure to object below will preclude appellate review unless appellant demonstrates plain error affecting his substantial rights). Therefore, Kemp is not entitled to relief. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507-08 (2009) (holding that the district court must make findings on the record on the NRS 193.165(1) factors but failure to do so will not warrant a new sentencing hearing where defendant fails to show that the error affected the sentencing decision). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Susan Johnson, District Judge
      Eric G. Jorgenson
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk